# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Gourmet Home Products, LLC,<br><br>    Defendant. | **Case No.** 1:17-cv-00533<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>(1) **TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**<br>(2) **TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**<br>(3) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);**<br>(4) **TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;**<br>(5) **COMMON LAW TRADE DRESS INFRINGEMENT;**<br>(6) **COMMON LAW UNFAIR COMPETITION;**<br>(7) **COMMON LAW MISAPPROPRIATION; AND**<br>(8) **UNJUST ENRICHMENT.**<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Gourmet Home Products, LLC ("Gourmet Home Products"), alleges as follows:

**The Parties**

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 200, Austin, TX 78735.

2.      On information and belief, Gourmet Home Products, LLC is a corporation organized under the laws of the State of New York with a principal place of business at 347 5th Avenue, Room 501, New York, New York 10016.

**Jurisdiction and Venue**

3.      This is an action for trade dress infringement, unfair competition and false designation of origin, trade dress dilution, misappropriation, and unjust enrichment. This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"), federal common law, the Texas Business & Commerce Code, and state common law, including the law of Texas.

4.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

5.      This Court has personal jurisdiction over Gourmet Home Products because, *inter alia*, Gourmet Home Products is doing business in the State of Texas, including in this District. For example, and as discussed in more detail below, (i) on information and belief, Gourmet Home Products has advertised, promoted, offered for sale, sold, and/or distributed, and continues to advertise, promote, offer for sale, sell, and/or distribute infringing products, to customers and/or potential customers at Home Depot U.S.A., Inc.'s stores located throughout Texas, including in this District; (ii) Gourmet Home Products has advertised, promoted, offered for sale, sold, and/or distributed, and continues to advertise, promote, offer for sale, sell, and/or distribute

infringing products, to customers and/or potential customers, including in this District, at least through www.amazon.com and on information and belief through Home Depot U.S.A., Inc.'s principal web site, www.homedepot.com; (iii) Gourmet Home Products' tortious acts giving rise to this lawsuit and harm to YETI have occurred and are occurring in the State of Texas, including in this District; (iv) on information and belief, Gourmet Home Products acted with knowledge that their unauthorized use of YETI's rights would cause harm to YETI in the State of Texas and in this District, and (v) Gourmet Home Products' customers and/or potential customers reside in the State of Texas, including in this District.

6.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

### General Allegations – YETI's Intellectual Property

7.      For several years, YETI has continuously engaged in the development, manufacture, and sale of its insulated drinkware.  YETI created unique, distinctive, and non-functional designs to use with YETI's insulated drinkware.  YETI has extensively and continuously promoted and used these designs for years in the United States and in Texas. Through that extensive and continuous promotion and use, YETI's designs have become well-known indicators of the origin and quality of YETI's insulated drinkware products.  YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.  As discussed in more detail below, YETI owns trade dress rights relating to its insulated drinkware designs.

8.      Several years ago, YETI introduced its 30 oz. Rambler™ Tumbler and 20 oz. Rambler™ Tumbler into the marketplace (collectively, "Rambler™ Drinkware").  YETI has sold millions of the Rambler™ Drinkware throughout the United States, including sales to customers in the State of Texas.  YETI has invested significant resources in the design, development,

manufacture, advertising, and marketing of the Rambler™ Drinkware.  The designs and features of the Rambler™ Drinkware have received widespread and unsolicited public attention.  For example, the Rambler™ Drinkware have been featured in numerous newspaper, magazine, and Internet articles.

9.     The designs of the Rambler™ Drinkware have distinctive and non-functional features that identify to consumers that the origin of the Rambler™ Drinkware is YETI.  As a result of at least YETI's continuous and exclusive use of the Rambler™ Drinkware, YETI's marketing, advertising, and sales of the Rambler™ Drinkware, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the designs and appearances of the Rambler™ Drinkware, which consumers have come to uniquely associate with YETI.

10.     An exemplary image of a YETI 30 oz. Rambler™ Tumbler is shown below:

| Illustration 1: Exemplary Image of a YETI 30 oz. Rambler™ Tumbler. |
|---|
|  |

11.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 30 oz. Rambler™ Tumbler, which includes the design and appearance of the curves,

tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the walls of the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the rim of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 30 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 30 oz. Rambler™ Tumbler and the tumbler lid on the YETI 30 oz. Rambler™ Tumbler; and the relationship of these features to each other and to other features.

12.     An exemplary image of a YETI 20 oz. Rambler™ Tumbler is shown below:

**Illustration 2: Exemplary Image of a YETI 20 oz. Rambler<sup>TM</sup> Tumbler.**



13.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 20 oz. Rambler™ Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; the design and appearance of the walls of the YETI 20 oz. Rambler™ Tumbler;  the design and appearance of the rim of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 20 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 20 oz. Rambler™ Tumbler and the tumbler lid on the YETI 20 oz. Rambler™ Tumbler; and the relationship of these features to each other and to other features.

14.     As a result of YETI's exclusive, continuous and substantial use, advertising, and sales of insulated drinkware products bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate them as source identifiers of YETI.

**General Allegations – Gourmet Home Products' Unlawful Activities**

15.     Gourmet Home Products has purposefully advertised, promoted, offered for sale, sold, and/or distributed, and continue to advertise, promote, offer for sale, sell, and/or distribute drinkware that violate YETI's rights, including the rights protected by YETI's intellectual

property.   On information and belief, Gourmet Home Products is also making such infringing products and/or importing such infringing products into the United States.   At least Gourmet Home Products' infringing products are confusingly similar imitations of YETI's drinkware products.  Gourmet Home Products' actions have all been without the authorization of YETI.

16.    Exemplary images of Gourmet Home Products' infringing products are shown below:

| Illustration 3:  Exemplary Image of 30 oz. infringing products. |
|---|
|  |

| Illustration 4:  Exemplary Image of 20 oz. infringing products. |
|---|
|  |

17.     As a result of Gourmet Home Products' activities related to the infringing products, there is a likelihood of confusion between Gourmet Home Products and its products on the one hand, and YETI and its products on the other hand.

18.     YETI used its trade dress extensively and continuously before Gourmet Home Products began advertising, promoting, selling, offering to sell, or distributing their infringing

products.  Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Gourmet Home Products commenced unlawful use of YETI's trade dress.

19.     As discussed above and as set forth in the counts below, Gourmet Home Products' actions are unfair and unlawful.

### Count I:
### Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

20.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 19 as though fully set forth herein.

21.     Gourmet Home Products' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing YETI's trade dress.  Gourmet Home Products' use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Gourmet Home Products with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

22.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning

before Gourmet Home Products commenced their unlawful use of YETI's trade dress in connection with the infringing products.

23.     Gourmet Home Products' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and its drinkware products.

24.     On information and belief, Gourmet Home Products' use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Gourmet Home Products' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Gourmet Home Products' continuing disregard for YETI's rights.

25.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Gourmet Home Products' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count II:**
**Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

26.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 25 as though fully set forth herein.

27.     Gourmet Home Products' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

28.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has

become a famous well-known indicator of the origin and quality of YETI's drinkware products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Gourmet Home Products commenced their unlawful use of YETI's trade dress in connection with the infringing products.

29.     Gourmet Home Products' use of YETI's trade dress is likely to cause, and has caused, dilution of YETI's famous trade dress, at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's drinkware products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's drinkware products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

30.     Gourmet Home Products' use of YETI's trade dress has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

31.     On information and belief, Gourmet Home Products' use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Gourmet Home Products' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Gourmet Home Products' continuing disregard for YETI's rights.

32.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Gourmet Home Products' profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

11

**Count III:**
**Unfair Competition and False Designation of Origin under § 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

33.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 32 as though fully set forth herein.

34.     Gourmet Home Products' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because Gourmet Home Products has obtained an unfair advantage as compared to YETI through Gourmet Home Products' use of YETI's trade dress and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

35.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Gourmet Home Products commenced their unlawful use of YETI's trade dress in connection with the infringing products.

36.     Gourmet Home Products' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and

irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's drinkware products, and YETI.

37.     On information and belief, Gourmet Home Products' use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Gourmet Home Products' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Gourmet Home Products' continuing disregard for YETI's rights.

38.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Gourmet Home Products' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

### Count IV:
### Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103

39.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 38 as though fully set forth herein.

40.     Gourmet Home Products' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 16.103 of the Texas Business & Commerce Code.

41.     YETI's trade dress is entitled to protection under Texas law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become famous and a well-known indicator of the origin and quality of YETI's drinkware products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's drinkware products.   YETI's trade dress also acquired

substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Gourmet Home Products commenced their unlawful use of YETI's trade dress in connection with the infringing products.

42.     Gourmet Home Products' use of YETI's trade dress and colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's drinkware products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

43.     Gourmet Home Products' use of YETI's trade dress, and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

44.     On information and belief, Gourmet Home Products' use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Gourmet Home Products' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Gourmet Home Products' continuing disregard for YETI's rights.

45.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Gourmet Home Products' profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count V:**
**Common Law Trade Dress Infringement**

46.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 45 as though fully set forth herein.

47.     Gourmet Home Products' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because Gourmet Home Products' use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

48.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.   Moreover, YETI's trade dress acquired this secondary meaning before Gourmet Home Products commenced their unlawful use of YETI's trade dress in connection with the infringing products.

49.     Gourmet Home Products' use of YETI's trade dress, and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's drinkware products, and YETI.

50.     On information and belief, Gourmet Home Products' use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Gourmet Home Products' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Gourmet Home Products' continuing disregard for YETI's rights.

51.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Gourmet Home Products' profits, punitive damages, costs, and reasonable attorney fees.

**Count VI:**
**Common Law Unfair Competition**

52.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

53.     Gourmet Home Products' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Gourmet Home Products' goods, by simulating YETI's trade dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.  Gourmet Home Products has also interfered with YETI's business.

54.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's drinkware products.  YETI's trade dress has

also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Gourmet Home Products commenced their unlawful use of YETI's trade dress in connection with the infringing products.

55.     Gourmet Home Products' use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's drinkware products, and YETI.

56.     On information and belief, Gourmet Home Products' use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Gourmet Home Products' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Gourmet Home Products' continuing disregard for YETI's rights.

57.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Gourmet Home Products' profits, punitive damages, costs, and reasonable attorney fees.

**Count VII:**
**Common Law Misappropriation**

58.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

59.     Gourmet Home Products' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law misappropriation.

60.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  Gourmet Home Products has wrongfully used YETI's trade

17

dress, and/or colorable imitations thereof in competition with YETI and gained a special advantage because Gourmet Home Products was not burdened with the expenses incurred by YETI. Gourmet Home Products has commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

61.     YETI's trade dress is entitled to protection under the common law. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's drinkware products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Gourmet Home Products commenced their unlawful use of YETI's trade dress in connection with the infringing products.

62.     Gourmet Home Products' use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's drinkware products, and YETI. Moreover, as a result of its misappropriation, Gourmet Home Products has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress, YETI and YETI's drinkware products.

63.     Gourmet Home Products' misappropriation of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Gourmet Home Products' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Gourmet Home Products' continuing disregard for YETI's rights.

64.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Gourmet Home Products' profits, punitive damages, costs, and reasonable attorney fees.

**Count VIII:**
**Unjust Enrichment**

65.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 64 as though fully set forth herein.

66.     Gourmet Home Products' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute unjust enrichment, at least because Gourmet Home Products has wrongfully obtained benefits at YETI's expense.   Gourmet Home Products has also, *inter alia*, operated with an undue advantage.

67.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  Gourmet Home Products has wrongfully used and is wrongfully using YETI's trade dress, and/or colorable imitations thereof, in competition with YETI, and has gained and is gaining a wrongful benefit by undue advantage through such use.  Gourmet Home Products has not been burdened with the expenses incurred by YETI, yet Gourmet Home Products is obtaining the resulting benefits for its own business and products.

68.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and

continuously promoted and used YETI's trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Gourmet Home Products commenced their unlawful use of YETI's trade dress and colorable imitations thereof in connection with the infringing products.

69.     Gourmet Home Products' use of YETI's trade dress, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's drinkware products, and YETI.  YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.  Gourmet Home Products has wrongfully obtained and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

70.     Gourmet Home Products' unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Gourmet Home Products' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Gourmet Home Products' continuing disregard for YETI's rights.

71.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Gourmet Home Products' profits.

### **Demand for Jury Trial**

YETI hereby demands a jury trial on all issues so triable.

**Relief Sought**

WHEREFORE, Plaintiff respectfully prays for:

1.      Judgment that Gourmet Home Products has (i) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (ii) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (iii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (iv) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (v) violated YETI's common law rights in YETI's trade dress; (vi) engaged in common law unfair competition; (vii) engaged in common law misappropriation; and (viii) been unjustly enriched at YETI's expense, and that all of these wrongful activities by Gourmet Home Products were willful;

2.      An injunction against further infringement and dilution of YETI's trade dress, and further acts of unfair competition, misappropriation, and unjust enrichment by Gourmet Home Products, and each of their agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress, pursuant to at least 15 U.S.C. § 1116 and Tex. Bus. & Com. Code § 16.104;

3.      An Order directing Gourmet Home Products to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.      An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress in Gourmet Home Products' possession or control, (iii) all plates,

molds, and other means of making the infringing products in Gourmet Home Products' possession, custody, or control, and (iv) all advertising materials related to the infringing products in Gourmet Home Products' possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.      An Order directing Gourmet Home Products to publish a public notice providing proper attribution of YETI's trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6.      An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.      An award of Gourmet Home Products' profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

8.      Such other and further relief as this Court deems just and proper.


Dated:  June 2, 2017                    Respectfully submitted,


                                   By: /s/ J. Pieter van Es

                                   Joseph J. Berghammer (admitted in the Western
                                   District of Texas)
                                   Illinois Bar No. 6273690
                                   jberghammer@bannerwitcoff.com
                                   J. Pieter van Es (admitted in the Western District of
                                   Texas)
                                   Illinois Bar No. 6210313

pvanes@bannerwitcoff.com
Banner & Witcoff, Ltd.
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**